UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Melvin Marinkovic

   v.                                    Case No. 19-cv-1150-PB

Michael Osborne;
Jason Osborne;
Lisa Bloomfield;
Credit Adjustments, Inc.

## REPORT AND RECOMMENDATION

Pro se plaintiff Melvin Marinkovic filed this action in forma pauperis, asserting several claims against a student loan processor and its principals, in connection with his attempt to consolidate old student loans and apply for new loans.  His complaint is before this court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## Preliminary Review Standard

The magistrate judge conducts a preliminary review of pleadings, like Marinkovic's, which are filed in forma pauperis. See LR 4.3(d).  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review,

the court construes pro se complaints liberally.  See Erickson
v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint
must contain "sufficient factual matter, accepted as true, to
'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662,
678 (2009) (citation omitted).  The court treats as true all
well-pleaded factual allegations, and construes reasonable
inferences in plaintiff's favor.  See Ocasio-Hernández v.
Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).


## Background[1]

The claims in this lawsuit stem from federally insured
student loans issued to plaintiff between 1972 and 1984.

Defendants Michael Osborne, Jason Osborne and Lisa
Bloomfield are principal officers of Credit Adjustments, Inc.
("CAI"), a company that processes student loan collections,
accommodations, and evaluations for future lending.  At the
direction of the Department of Education ("DOE"), Marinkovic
contacted CAI in the fall of 2018 about consolidating his older,
outstanding student loans in order to qualify for additional
lending and pursue graduate education.

---

[1] The facts recited in this section are drawn from the
complaint (Doc. No. 1), and various documents attached thereto.
See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir.
2014).

During a November 2018 phone call, CAI told plaintiff it had previously denied plaintiff's consolidation request because it had received unclear forms from DOE. During the same conversation, CAI reconsidered its position and told plaintiff it had approved consolidation and would send Marinkovic documentation to that effect. CAI also informed plaintiff that consolidation was contingent on his waiving any challenge to the $53,000 student loan balance on DOE's records. After plaintiff told CAI that he would not waive any such challenge, CAI withdrew its consolidation offer.

Plaintiff alleges that his inability to secure additional student loans prevented him from completing classes in 2019 and 2020, which would have led to him receiving "a patent license to start a career making $123,000 a year in 2021, and after a graduate degree in that specialty he could have commanded much more." Complaint (Doc. No. 1) ¶ 124. His eight-count complaint asserts violations of his rights under the First and Fifth Amendments, and state law claims of tortious interference with prospective economic advantage, defamation and intentional infliction of emotional distress. He seeks eight million dollars in damages from each defendant and an injunction requiring them to approve future loan applications.

A.  Constitutional Claims

Marinkovic asserts that the defendants violated his rights under the First and Fifth Amendments to the United State Constitution by failing to give him notice and an opportunity to respond to their arbitrary decisions and illegal denial of his 2018 loan application, for interfering with his employment prospects, and for retaliating against him for complaining about the DOE.  As set forth below, plaintiff's allegations fail to state claims for which relief can be granted and should therefore be dismissed.

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), the Supreme Court recognized an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.  Liability under Bivens, however, cannot attach to private actors.  See Stoutt v. Banco Popular de P.R., 320 F.3d 26, 33 (1st Cir. 2003) (noting that "[t]he Supreme Court has already limited Bivens actions by refusing to extend them to private entities acting under color of federal law") (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61 (2001)); see also Acosta v. U.S. Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006) (affirming dismissal of Bivens action against hospital and doctor who treated plaintiff while he was in federal custody because they were private parties).

4

As Marinkovic concedes, the defendants are not government officials, but are private parties.  Therefore, they cannot ordinarily be held liable for alleged constitutional violations. He argues, however, that the defendants' contractual relationship with the DOE converts them to government actors for purposes of this suit.  Complaint (Doc. No. 1) ¶ 81.  Marinkovic includes reference in his complaint to Klunder v. Brown, 778 F.3d 24, 31 (1st Cir. 2015), in which the First Circuit Court of Appeals affirmed the district court's finding that a private university was not a government actor for purposes civil rights violations.  Id.  In reaching that conclusion, the court noted that a private party's actions can be attributable to the government if, among other attributes, "the state has 'so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in [the challenged activity].'"  Id. (quoting Blum v Yaretsky, 457 U.S. 991, 1004 (1982)).  Plaintiff argues that he has alleged such interdependence between the defendants and the DOE.

In the context of student loans, however, courts have consistently rejected claims that private entities and individuals involved in the student loan process are government actors.  See Maxberry v. Sallie Mae Educ. Loans, 532 F. App'x. 73, 75 (3d Cir. 2013) (affirming dismissal of civil rights claim because defendant loan servicer was not a state actor); Johnson

5

v. Sallie Mae Servicing, L.P., 2007 WL 9734801, aff'd 258 F.
App'x 567 (4th Cir. 2007) ("In addition, as an employee of
Sallie Mae, a private company, [an individual defendant] is not
an agent of the federal government, and thus, a Bivens action
cannot be maintained against her."); Holly v. Scott, 434 F.3d
287, 291 (4th Cir. 2006) (declining to extend Bivens liability
to employee of private corporation in which the federal
government had no stake other than a contractual relationship);
Campbell v. Navient Corp., No. 18-1625-RGA, 2019 WL 3802654, at
*5 (D. Del. Aug, 13, 2019) (dismissing constitutional claims
against loan servicer due to lack of state action); George W. v.
U.S. Dep't of Ed., 149 F. Supp. 2d 1195 (E.D. Cal. 2000)
(finding that private Texas Guaranteed Student Loan Corp. was
not a state actor).[2]  Against this legal backdrop, plaintiff's
allegations fail to support the necessary element that these
defendants were government actors.

Plaintiff's Fifth Amendment due process claims also fail to
state a cause of action because he has failed to plead that he
has been deprived of a protected interest.  To have a

---

[2]The plaintiffs in Maxberry, George W., and Campbell sought
relief under 42 U.S.C. § 1983, and thus the court analyzed
whether each defendant was a state, rather than a federal,
actor.  The analysis is nevertheless relevant to this case.  See
Soto-Torres v. Fraticelli, 654 F.3d 153, 158 (1st Cir. 2011)
(observing that a Bivens action serves as the "federal analog to
a suit against state officials under 42 U.S.C. § 1983").

constitutionally protected interest in a benefit, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 576 (1972).

Courts have routinely found that individuals do not have a protected interest in obtaining student loans.  See Alston v. Pa. State Univ., 685 F. App'x 158, 160 (3d Cir. 2017); Crawford v. San Diego City Cmty. Coll., No. 18cv0831, 2018 WL 3629901, at *3 (S.D. Cal. July 31, 2018); Waugh v. Conn. Student Loan Found., 966 F. Supp. 141, 143 (D. Conn. 1997).

Marinkovic asserts that his prior receipt of student loans places him on a different footing, creating a constitutionally protected interest in future loans.  Complaint (Doc. No. 1) ¶¶ 11.  Courts have uniformly rejected that proposition.  See Bridgeforth v. Am. Educ. Servs., 412 F. App'x. 433, 436 (3d Cir. 2011) ("[plaintiff] does not have a property interest in receiving additional federal grants or loans."); see also DeJournett v. Block, 799 F.2d 430, 431 (8th Cir. 1986) (holding that plaintiffs did not have a protected interest in receiving farm loans, despite receiving them previously).

In the absence of factual allegations suggestive of government action or a constitutionally protected interest in receiving additional student loans, plaintiff has failed to set

forth sufficient factual allegations to support a <u>Bivens</u> action against the defendants.  Accordingly, the district judge should dismiss plaintiff's constitutional claims, listed as the first through fourth, and the seventh and eighth causes of action in the complaint.

B.  State law claims

In his fifth and sixth causes of action, plaintiff asserts state law claims for tortious interference with prospective economic relations and defamation/intentional infliction of emotional distress, respectively.  As discussed above, Marinkovic has failed to state a federal claim upon which relief might be granted in this matter.  The district judge should decline to exercise supplemental jurisdiction over the asserted state law claims, and should dismiss those claims, identified here as the fifth and sixth causes of action, pursuant to 28 U.S.C. § 1367, without prejudice to Marinkovic's ability to assert the state law claims in an action filed in state court.

**Conclusion**

For the foregoing reasons, the district judge should dismiss the complaint (Doc. No. 1) in its entirety, without prejudice to plaintiff's ability to assert his claims arising under state law in state court.  Any objections to this Report

and Recommendation must be filed within fourteen days of receipt
of this notice. See Fed. R. Civ. P. 72(b)(2).  The fourteen-day
period may be extended upon motion.  Failure to file specific
written objections to the Report and Recommendation within the
specified time waives the right to appeal the district court's
order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168
(1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 23, 2020

cc:  Melvin Marinkovic, pro se